UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHELIA WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1521 CAS |
| | ) | |
| GEORGE MAIR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Shelia Webster's Motion to Remand, and defendant EAN Holding LLC's ("EAN") Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction. On June 6, 2012, Webster filed a Petition for Equitable Garnishment under § 379.200, Missouri Revised Statutes, in the Circuit Court of St. Charles County, Missouri. The equitable garnishment action seeks to collect a $1,500,000 judgment Webster obtained against defendant George Mair in an underlying suit. The defendants in this case are Mair, EAN and ACE American Insurance Company ("ACE"). ACE removed the case to federal court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), asserting in its Notice of Removal that complete diversity of citizenship existed between it and plaintiff. ACE also asserts that defendant EAN is not a properly joined and served party to the action and defendant Mair has not been properly served, and therefore their citizenship is irrelevant for purposes of diversity jurisdiction and removal.

For the following reasons, the Court finds that defendant Mair was properly served with summons but has not joined in or consented to the Notice of Removal. As a result, there is a procedural defect in removal, and removal is precluded under the rule of unanimity as codified in

28 U.S.C. § 1446(b)(2)(A). Plaintiff's motion to remand will be granted. Defendant EAN's motion to dismiss will remain pending for determination by the state court following remand.

**Background**

On July 27, 2008, plaintiff was a passenger in a vehicle driven by defendant Mair. The car crashed and plaintiff was injured. In July 2010, plaintiff filed suit against Mair in state court in St. Charles County, Missouri, and obtained a default judgment again him for $1,500,000. Mair had rented the vehicle in which plaintiff rode from Alamo Rent-A-Car. In the vehicle rental agreement, Mair selected the Optional Extended Protection, an additional liability coverage underwritten by defendant ACE.

On June 6, 2012, Webster filed this action for equitable garnishment in state court pursuant to § 379.200, Mo. Rev. Stat., seeking to collect the $1,500,000 judgment she obtained against Mair in the underlying suit from defendants EAN and ACE. The petition alleges that EAN, as owner of the rental car, owes the statutory minimum of $25,000 in coverage required by Missouri's Motor Vehicle Financial Responsibility Law, and that ACE, as the excess insurance provider, is liable for the $1,000,000 policy limit of the Optional Extended Protection portion of the vehicle rental agreement.

Defendant ACE removed the case to federal court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. ACE is a Pennsylvania corporation with its principal place of business in Pennsylvania. Plaintiff is a citizen of Arizona. The Notice of Removal asserts that defendant EAN was not properly joined and served, and that defendant Mair was not properly served, so their citizenship is irrelevant for purposes of diversity jurisdiction and removal.

In the motion to remand, plaintiff contends that defendants Mair and EAN were properly joined and served but have not joined in or consented to removal of the action, and therefore the case must be remanded. Plaintiff also contends that complete diversity of citizenship does not exist because (1) EAN is a proper party to the action and is a citizen of the State of Missouri because Missouri is its principal place of business, and (2) pursuant to 28 U.S.C. § 1332(c), ACE is deemed a citizen of Missouri in this direct action under § 379.200, because its insured's principal place of business is in Missouri. ACE disputes each of these contentions. The Court finds that plaintiff's first contention is dispositive and requires remand.

**Discussion**

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have been brought in federal court originally." Id. "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) (internal citation and cited case omitted).

Plaintiff argues the case must be remanded because defendant Mair did not join in the notice of removal as required by 28 U.S.C. § 1446(b)(2)(A), which states: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendant ACE responds that Mair did not need to join in the notice of removal because he was not served within thirty days after issuance of the summons,

as required by Missouri Supreme Court Rule 54.21.[1] ACE contends that the summons expired before Mair was served, and therefore the purported service is ineffective and void. ACE asserts that as a result, Mair was not "properly joined and served" within the meaning of 28 U.S.C. § 1446(b)(2)(A), and his consent to the removal is not required.

A leading federal procedure treatise states the general rule, known as the "rule of unanimity," that all defendants must join in a notice of removal:

> In general, all defendants must join in the notice of removal. Because the right to remove is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal. . . . .

16 James Wm. Moore, et al., Moore's Federal Practice, § 107.11[1][c] (3d ed. 2012) (citing Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008)). See also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3731 (2d ed. 1987) ("Ordinarily, all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants, although other forms of acknowledging consent may be acceptable to the federal court."). This long-standing rule was codified at 28 U.S.C. § 1446(b)(2)(A) by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat.758, which applies to this case. See Pub.L. No. 112–63, § 105, 125 Stat. at 762.

The Eighth Circuit has stated that ordinarily all defendants must join in a notice of removal or the case will be remanded. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d

---

[1]Missouri Supreme Court Rule 54.21 states:

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

753, 754 n.2 (8th Cir. 2001); see also Christiansen v. West Branch Community Sch. Dist., 674 F.3d 927, 932 (8th Cir. 2012). Under the rule of unanimity, a failure of all defendants to join in the notice of removal creates a "defect in the removal procedure within the meaning of § 1447(c)." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); Nolan v. Prime Tanning Co., Inc., 871 F.2d 76, 78 (8th Cir. 1989).

Where a procedural defect in removal exists, Section 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). Because the failure of all defendants to join in, or consent to, removal is a procedural defect rather than a jurisdictional one, it functions as a procedural bar to removal which may be disregarded under only limited circumstances. See Balazik, 44 F.3d at 213 n.4. In this case, plaintiff timely filed a motion to remand, raising the rule of unanimity as a bar to removal. As a result, if Mair was properly served with summons, the removal of this case is defective and the case must be remanded.

The summons to Mair was issued on July 12, 2012, and under Rule 54.21, it expired thirty days later, on August 11, 2012. August 11, 2012 was a Saturday. Mair was served the following Monday, August 13, 2012. In Missouri, process that has not been served expires and becomes without authority or legal competence "on the return date thereof, . . . unless by virtue of some statute or of some act of the court itself, the authority is extended." Fillingame v. McCoy, 622 S.W.2d 344, 345 (Mo. Ct. App. 1981).

Missouri Supreme Court Rule 44.01(a) addresses the computation of time, and states in pertinent part:

> **(a) Computation**. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event,

> or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Rule 44.01, Mo. S. Ct. R. Identical language appears in Missouri Revised Statute § 506.060.1. See Bowling v. Webb Gas Co., Inc. of Lebanon, 505 S.W.2d 39, 40 (Mo. 1974). The issue presented for decision here is whether service of process on Mair was void under Rule 54.21 or valid by operation of Rule 44.01(a) and § 506.060.1.

The parties have not cited and the Court in independent research has not found any cases addressing the application of Rule 44.01(a) or § 506.060.1 to the service of summons under Rule 54.21. The time computation provisions of the rule and statute have been applied to a number of other Missouri Supreme Court Rules and statutes, however. In each instance, Missouri courts have held that under Rule 44.01(a) or § 506.060.1, the applicable deadline is extended to the first day following a Saturday, Sunday or legal holiday.

For example, in Heinen v. Healthline Management, Inc., 982 S.W.2d 244, 247 (Mo. 1998) (en banc), the Missouri Supreme Court considered whether a trial court's ruling on a motion for new trial occurred within the ninety day period set by Rule 81.05(a). The Court found that Rule 44.01(a) provided the method to calculate the last day for ruling on the motion. Because the 22nd Judicial Circuit Court issued a memorandum stating the court would not be open on the Friday after Thanksgiving, November 29, 1996, the Supreme Court held that November 29 was "legal holiday." As a result, the trial court's order on the motion for new trial, issued on the following Monday, December 2, 1996 was timely.

In Bowling, 505 S.W.2d at 40, the Missouri Supreme Court held that although a wrongful death action under § 537.100, Mo. Rev. Stat., had to be commenced within two years after the

February 23, 1968 death giving rise to the cause of action, and the petition was not received at the circuit clerk's office until February 24, 1970, the action was not barred by the statute of limitations where the petition was mailed on February 20, 1970 and would have arrived timely at the circuit clerk's office, but for the fact the office was closed on February 23, 1970 in observance of a legal holiday. Significantly, the Court held that "Rule 44.01(a) should be construed as applying to statutory limitation periods within which suits must be filed, as well as to procedures occurring after suit is filed." Id. at 42.

In Allison v. Tyson, 123 S.W.3d 196, 201-02 (Mo. Ct. App. 2003), a garnishor filed exceptions to the garnishee's interrogatory answers past the deadline established in Rule 90.07(c). The garnishor argued that his exceptions were due on a date when the circuit clerk's office was closed for an extended Thanksgiving holiday, so under Rule 44.01(a), it would not be the deadline date, citing Heinen, 982 S.W.2d at 246-47. The Missouri Court of Appeals disagreed with the garnishor's argument concerning the correct deadline date, but stated that if he had been correct and the Clerk's Office was closed on the due date, the deadline would have been extended to November 26, the following Monday.

In Hocker Oil Co. Inc. v. Barker-Phillips-Jackson, Inc., 997 S.W.2d 510, 522 (Mo. Ct. App. 1999), pursuant to Rule 81.04(b), Hocker's notice of cross-appeal was due ten days after the other party filed its notice of appeal. Ten days after the notice of appeal was filed was a Saturday. The court of appeals stated that by operation of Rule 44.01(a), Hocker was allowed until the following Monday to timely file its notice of cross appeal.

In Hammond v. Hammond, 895 S.W.2d 245, 247-48 (Mo. Ct. App. 1995), a wife's response to a husband's petition for dissolution of marriage was due thirty days after service under Rule

55.25(a), which was Saturday, October 10, 1992. In determining the issue of timeliness, the court of appeals found that the thirty-day deadline was affected by Rule 44.01(a), and held that because October 10, 1992 was a Saturday, and Monday, October 12, 1992, was a legal holiday (Columbus Day), the wife's answer was not due until the end of the day on Tuesday, October 13, 1992.

In Bailey v. Innovative Management & Investment, Inc., 1993 WL 489632 at *2 n.3 (Mo. Ct. App. 1993), Rule 81.04(a) provided that a notice of appeal must be filed no later than ten days after the judgment or order appealed from became final. The ten-day period for filing the notice of appeal expired on Saturday, February 20, 1993, but the court held that Rule 44.01(a) allowed the appellant until Monday, February 22, 1993 to file his notice of appeal. A similar result was reached in Funkhouser v. Meadowview Nursing Home, 816 S.W.2d 947, 950 (Mo. Ct. App. 1991). There, the dispute was when an order became final for purposes of triggering the ten-day period for filing a notice of appeal. Under Rule 81.05(a), an order became final thirty days after it was entered. The court of appeals stated that because the thirtieth day following entry of the order was a Sunday, and the following Monday was a legal holiday, "the date for finality was extended by Rule 44.01(a) to the end of Tuesday." Id. Also, in Ozark Mountain Timber Products, Inc. v. Redus, 725 S.W.2d 640, 644 n.1 (Mo. Ct. App. 1987), the deadline for filing a notice of appeal would ordinarily have been October 19, 1985 under Rules 81.04(a) and 81.05(a). Because that date fell on a Saturday, however, the deadline was extended to Monday, October 21, 1985 under Rule 44.01(a).

In Herrman v. Dixon, 285 S.W.2d 716, 717-18 (Mo. Ct. App. 1956), the court of appeals held that where a mechanic's lien statute, § 429.170, Mo. Rev. Stat., provided that all actions for mechanic's liens had to be commenced within ninety days after the filing of the lien, the plaintiff's petition seeking to enforce the lien was timely under § 506.060 even though it was filed on the

ninety-second day. This was because the ninetieth day was a Sunday and a holiday and, under a statute that is now repealed, the ninety-first day was considered to be a holiday because the holiday actually fell on a Sunday.

Finally, in Hayes v. Hayes, 252 S.W.2d 323, 325 (Mo. 1952), the Missouri Supreme Court held that an application for change of judge which had to be filed within five days of the party learning of the existence of cause for the change was timely "[b]y computation of time as provided in Section 506.060," where the defendant learned of the cause on Tuesday, May 1, and filed its application on Monday, May 7.

Based on the foregoing decisions, in which Missouri courts have uniformly held that the time computation provisions of Rule 44.01(a) and § 506.060.1 apply to both statutory and procedural deadlines, the Court concludes that the rule and statute also apply to time computation under Missouri Supreme Court Rule 54.21. Consequently, by operation of Rule 44.01(a) and § 506.060.1, service of summons on defendant Mair on Monday, August 13, 2012 was timely and valid in this case.

As a result, defendant ACE's removal of this case is procedurally defective, and the matter must be remanded to state court pursuant to 28 U.S.C. § 1447(c). The Court therefore does not reach plaintiff's other arguments in support of remand.

**Conclusion**

For the foregoing reasons, the Court finds that removal of this action was defective and plaintiff's motion to remand should be granted. Defendant EAN's motion to dismiss remains pending for resolution by the state court following remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**. [Doc. 13]

An Order of Remand will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of November, 2012.